IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACKIE BARNES,

      **Plaintiff,**

v.            No. 99cv0401 JC/JHG

**KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      This matter is before the Court on Plaintiff's (Barnes') Motion to Reverse for Payment of Benefits, or in the Alternative, to Remand for Rehearing, filed January 14, 2000. The Commissioner of Social Security issued a final decision denying Barnes application for disability insurance benefits and supplemental security income. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion to reverse is well taken and recommends that it be GRANTED.

      Barnes, now forty years old, filed his application for a period of disability, disability insurance benefits and supplemental security income benefits on November 15, 1993, alleging disability since March 18, 1991. On December 27, 1994, the Commissioner's Administrative Law Judge (ALJ) denied benefits. Barnes filed a Request for Review of the decision by the Appeals Council. On June 4, 1996, the Appeals Council issued a Remand Order directing the ALJ to

conduct a new hearing because new and material evidence submitted with the request for review indicated a worsening of the Barnes' musculoskeletal impairments. On February 11, 1997, a different ALJ held the hearing and issued an unfavorable decision on March 25, 1997. On February 19, 1999, the Appeals Council declined Barnes' request for review. Therefore, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Barnes seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is

not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse and remand, Barnes makes the following arguments: (1) the ALJ erred in finding that he engaged in substantial gainful activity after the onset date of March 18, 1991; (2) the ALJ erred in his assessment under the listing of impairments; (3) the ALJ did not properly assess the credibility of his pain; (4) the ALJ erred in his reliance on his involvement in vocational rehabilitation and school attendance as evidence of non-disability; and (5) the ALJ erred in determining that he could perform a full range of sedentary work.

In response, the Commissioner moves the Court to remand this case to the Commissioner for further administrative action pursuant to sentence four (4) of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).[1] The Commissioner contends that further development is necessary so this Court can perform a complete review of this case without having to make *de novo* findings. In his reply, Barnes objects to a remand and seeks only reversal and an award of benefits.

The Commissioner concedes such a remand is necessary for the following reasons: (1) the

---

[1] Section 405(g), sentence four states in pertinent part:

The court shall have power to enter upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

3

ALJ should not have considered Barnes short period employment as a waiter and inventory person to be substantial gainful employment; (2) the ALJ's discussion of whether Barnes' condition met or equaled a listed impairment is somewhat unclear; (3) the ALJ's evaluation of the Barnes' credibility in terms of his subjective testimony, including his participation in vocational rehabilitation and school attendance is poorly articulated; (4) the record does not support the ALJ's finding that Barnes had the residual functional capacity (RFC) for the full range of sedentary work and the ALJ should not have relied upon the Medical-Vocational Guidelines (grids) in making his disability determination.

Barnes argues that, since the Commissioner concedes the ALJ erred on all issues raised, reversal is appropriate in his case. In support of reversal, Barnes argues that all evidence and testimony covering the time period in question has been submitted and thus further fact finding would serve no useful purpose. Moreover, Barnes contends four of the issues he raised are not determinative on the issue of disability. However, Barnes claims the error in the ALJ's step five analysis is determinative of disability. In his response, the Commissioner agrees that the record indicates Barnes "can sit for a total of four hours in an eight-hour day, indicating Barnes' physical capabilities were below the requirement for a full range of sedentary work." Def.'s Resp. at 4. The Commissioner further concedes "[t]he record does not support the ALJ's finding that Plaintiff had the RFC for the full range of sedentary work." Barnes can sit for one hour at a time, up to four hours per day. *Id.* However, the Commissioner argues remand is appropriate "so that the ALJ can obtain vocational testimony on the availability of other work if it is determined that the record supports an RFC finding for less than the full range of sedentary work." *Id.* at 5.

Barnes asserts he has established a *prima facie* case of disability under the regulations.

The Commissioner is correct in stating that "Plaintiff is not entitled to a presumption of disability simply because he can perform less than the full range of sedentary work." Social Security Rule 96-9p states in pertinent part:

> 1. An RFC for less than a full range of sedentary work reflects very serious limitations resulting from an individual's medical impairment(s) and is expected to be relatively rare.
>
> 2. However, a finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of "disabled." If the performance of past relevant work is precluded by an RFC for less than the full range of sedentary work, consideration must still be given to whether there is other work in the national economy that the individual is able to do, considering age, education, and work experience.

However, a review of the record supports a determination that Barnes is disabled as a matter of law and is entitled to benefits. In this case, Barnes has an extensive medical history. He has been diagnosed with arachnoiditis (clumping of the nerves within the thecal sac), cauda equina syndrome, multiple failed lumbar surgeries for disc herniations at L4 and L5, facet hypertrophy, atrophy of the extensor muscles, chondromalacia of the patella, and chronic low back pain and knee pain. Additionally, Barnes suffers from anxiety and depression.

The Court finds that the Secretary failed to meet its burden at step five of the sequential evaluation process. Barnes has been pursuing his claim since 1991 and has gone through two full hearings by two different ALJs. To remand for further administrative proceedings would further delay the appropriate determination and award of benefits. Accordingly, the Court recommends reversal of the ALJ's decision and remand to the Secretary for immediate calculation and award of benefits.

## **RECOMMENDED DISPOSITION**

The motion to reverse should be granted. The ALJ's decision should be reversed and remanded to the Secretary for immediate calculation and award of benefits.

 

**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE</u>**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.